UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| THOMAS GREEN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| vs. | ) | CV 408-068 |
| | ) | |
| RELIANCE STANDARD LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Reliance Standard Life Insurance Company's (hereinafter "Reliance") Motion to Dismiss (Doc. 3). For the reasons discussed below, the Motion is **DENIED**.

## BACKGROUND

Plaintiff Thomas Green was employed by CEC Entertainment Concepts, L.P., as the manager of Chuck E. Cheese restaurant, from 1989 until April of 2006 (Doc. 1). As an employee of CEC Entertainment Concepts, L.P., Plaintiff was covered under a group long-term disability plan (hereinafter "the Plan") insured by Defendant Reliance. Id. In May of 2006, after experiencing ongoing pain in his knees, Plaintiff underwent double knee-replacement surgery. Id. He is now limited in the amount of time he can stand, and is in constant pain. Id. He was declared completely and totally disabled,[1] and has not

---

[1] The Court notes that Plaintiff's Complaint does not state what person or entity declared him totally disabled.

been employed since April, 2006. Id. Although Reliance paid Plaintiff short-term disability benefits for ninety days, Plaintiff's claim for long-term disability benefits was denied. Id.

On February 27, 2008, Plaintiff initiated suit against Reliance in Chatham County Superior Court, alleging that Reliance's denial of his claim for long-term disability benefits was in violation of Georgia law. Reliance responded by filing a Notice of Removal to this Court, which was accompanied by the currently-pending Motion to Dismiss (Docs. 1 & 3).

## DISCUSSION

### 1. Motion to Dismiss Standard

In its Notice of Removal, Reliance asserts that the Plan at issue falls within the purview of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), and therefore the matter is within this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. In its Motion to Dismiss, Reliance argues that ERISA pre-empts the state law claims asserted in the Complaint, which therefore must be dismissed. Although the parties address the issue under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the question is not one of failure to state a claim. As discussed further below, the argument that state law claims are preempted by ERISA raises the issue of the propriety of removal and of this Court's subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. When a defendant challenges subject matter jurisdiction, the plaintiff must bear the burden of establishing jurisdiction.

This burden is met where the plaintiff demonstrates a non-frivolous claim based on federal law. See Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989).

2. ERISA Background

ERISA creates a comprehensive federal regulatory scheme for employee welfare benefit plans,[2] including health insurance. Gilbert v. ALTA Health & Life Ins. Co., 276 F.3d 1292 (11th Cir. 2001). The intent of the statute was to replace a patchwork of state regulation with a uniform set of federal regulations. For this reason, ERISA contains provisions for the preemption of state laws and statutes, which have been interpreted broadly in nature and scope. A.L.I. article.

ERISA sets forth a complex preemption scheme[3] that preempts state law claims relating to ERISA plans in three distinct ways. First, § 514 of ERISA provides that, with exceptions, the ERISA claims "shall supersede any and all State laws insofar as they may

---

[2] It is undisputed that the Plan at issue is an employee welfare benefit plan as defined by ERISA (Docs. 1 & 4). The relevant statute, provides, in pertinent part, as follows:
> (1) The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment . . .

29 U.S.C. § 1002

[3] The Court notes that the parties' briefs were well below the level of quality the Court expects, both in general and especially where, as here, the Motion involves a notoriously complex issue. "The task of sorting out ERISA's complex preemption scheme has resulted in a tremendous volume of litigation, including, to date, over twenty Supreme Court decisions and hundreds of state and federal lower court decisions." Furrow, et al., The Law of Health Care Organization and Finance, 5th ed. (2004). In the future, should the parties submit briefs as lacking as those filed in the instant matter, the Court will not rule on the issue, but will require re-briefing.

now or hereafter relate to any employee benefit plan" (often referred to as "express" preemption). 29 U.S.C. § 1144. Another form of preemption, known as "complete preemption" is based on § 502(a) of ERISA, which provides for federal court jurisdiction over specified types of claims against ERISA plans. Finally, § 502 has been applied to oust state claims and remedies that would take the place of § 502 claims ("field preemption"). State tort, contract, and even statutory claims that could have been brought as claims for benefits or for breach of fiduciary duty under § 502(a) have been held to be preempted by § 502(a). Furrow, et al., The Law of Health Care Organization and Finance, 5th ed. (2004).

3. Analysis

At issue in the currently pending Motion is whether or not ERISA preemption of state law claims requires that Plaintiff's Complaint, which asserted state law claims, but failed to plead any ERISA claims, must be dismissed. Plaintiff's Complaint, originally filed in state court, asserted a breach of contract claim, alleging the wrongful denial of benefits due pursuant to the Plan. Plaintiff also sought to invoke Georgia statutory law providing for damages and attorney's fees where an insurer's refusal to pay was made in bad faith. O.C.G.A § 33-4-6. The Court will address each aspect of the matter in turn.

Breach of Contract/Denial of Benefits

ERISA § 502(a)(1)(B) provides a federal cause of action for a plan participant or beneficiary to "recover benefits due to him," "enforce his rights," or "clarify his rights to future benefits" under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B), ERISA § 502. Although the substance of Plaintiff's asserted claim for benefits could have been brought

as an ERISA cause of action under § 502, Plaintiff failed to cite ERISA in his state Court Complaint. The well-pleaded complaint rule normally permits removal of cases from state court into federal court based on federal question jurisdiction under 28 U.S.C.A. § 1331 only when federal claims are explicitly raised in the plaintiff's complaint. Metropolitan Life Ins. Co., 481 U.S. 58, 62 (1987) (citations omitted). However, under the "complete preemption" exception to this rule, federal jurisdiction is permitted when Congress has so completely preempted an area of law that any claim within it is brought under federal law, and thus is removable to federal court.

In Metropolitan Life, the Supreme Court found that the "complete preemption" exception to the well-pleaded complaint rule applied in situations such as the one at bar. The Court held ERISA plans may remove into federal court claims that were brought in state courts but that could have been brought under ERISA § 502(a) in federal court. Accordingly, federal question jurisdiction over Plaintiff's claim for denial of benefits is proper, despite Plaintiff's failure to assert a cause of action under ERISA § 502(a)(1)(B) in his Complaint.[4]

Bad Faith

Plaintiff's Complaint alleged that Defendant's refusal to pay long-term disability benefits pursuant to the Plan was made in bad faith, and sought damages pursuant to O.C.G.A. § 33-4-6. To the extent that Plaintiff intended to assert a common law tort

---

[4] The Court will allow Plaintiff's statement that he repeatedly pursued his claim to suffice as an allegation the administrative remedies were exhausted; however, Plaintiff must supplement (within ten days of the date of this Order) the original Complaint with a specific allegation and more information on this topic, and Defendant should file a response thereto.

claim of bad faith refusal to pay, that claim is preempted. See generally, Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987). Insofar as the Georgia statute provides damages not allowed under ERISA relating to the benefits claim under § 502, the law is preempted and such damages are not available. Id. at 53. See also Gilbert, 276 F.3d 1292 (11th Cir. 2001); Moon v. American Home Assur. Co., 888 F.2d 86, 89 (11th Cir. 1989); Cockey v. Life Ins. Co. of North America, 804 F. Supp. 1571 (S.D.Ga. 1992); Clarke v. Unum Life Ins. Co. of America, 14 F.Supp.2d 1351, 1357 (S.D.Ga. 1998). Accordingly, the bad faith aspect of Plaintiff's original state law Complaint will not be an aspect of Plaintiff's ERISA claim regarding benefits presently before the Court.

## CONCLUSION

Plaintiff's claims were properly removed to this Court and will proceed as a federal cause of action to recover benefits due, pursuant to ERISA § 502. Accordingly, Defendant's Motion to Dismiss is **HEREBY DENIED**.[5]

**SO ORDERED.**

JUDGE JOHN P. NANGLE
UNITED STATES DISTRICT JUDGE

June 3, 2008

---

[5] The ERISA § 502 action will be limited insofar as it will not entail the bad faith aspect or damages originally alleged.